IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDGARDO COLON, | ) | |
| | ) | Case No. 1:23-cv-16798 |
| Plaintiff, | ) | |
| | ) | Judge Matthew F. Kennelly |
| v. | ) | |
| | ) | |
| ANTHONY F. NORADIN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | Case No. 1:23-cv-16799 |
| TYRONE CLAY, | ) | |
| | ) | Judge Matthew F. Kennelly |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY F. NORADIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## HIPAA AND MENTAL HEALTH PROTECTIVE ORDER

This matter coming to be heard on Defendants' Motion for the Entry of a HIPAA and Mental Health Protective Order, due notice hereof having been given, and the Court being fully advised in the premises, the Motion for HIPAA and Mental Health Protective Order is GRANTED.

The Court finds good cause exists for the entry of a HIPAA and Mental Health Protective Order for Plaintiffs' **Edgardo Colon and Tyrone Clay's** medical, mental health, and drug and alcohol treatment/rehabilitation information to prevent the unauthorized disclosures, control the receipt of, and direct the use of this information during the course of this litigation.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matters are hereby authorized to receive, subpoena, and transmit "protected health information" ("PHI"), mental health, and drug and alcohol treatment/rehabilitation information pertaining to **Edgardo Colon and Tyrone Clay**, as protected by HIPAA ("Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 USC (2002)), the Illinois Mental Health and Developmental Disabilities and Confidentiality Act ("MHDDCA") (740 ILCS § 110/1, *et seq*.), and the drug and alcohol treatment/rehabilitation confidentiality statutes (20 ILCS § 301/30-5; 42 USC § 290dd-2; and 42 CFR Part 2), to the extent and subject to the conditions outlined herein.

2. The following words and terms are defined for purposed of this Order:

    a. "Medical Information" shall mean "protected health information" or "PHI" and shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, mental health information, and drug and alcohol treatment/rehabilitation information, including demographic information, relating to either, (a) the past, present or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment of care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    b. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 CFR §§ 160 and 164 (2000).

    c. "Mental Health Information" shall have the same scope and definition as set forth in 740 ILCS § 110/2. Without limiting the generality of the foregoing, Mental health information includes, but is not limited to, information obtained from "mental health services," including "confidential communications," "personal notes" and "records," relating to either, (a) the past, present or future mental health condition of an individual, (b) the provision of care and treatment to an individual, or (c) the payment for care provided to an individual, which identifies the mental health services or which reasonably could be expected to identify the mental health services.

    d. "Drug and Alcohol Treatment/Rehabilitation Information" shall have the same scope and definition as set forth in 20 ILCS § 301/1-1 *et seq.*; 42 USC §§ 290aa-290ll; and 42 CFR §§ 2.1-2.67.

3. The Parties shall assist each other in the release of PHI, Mental Health Information and Drug and Alcohol Treatment/Rehabilitation Information by waiving all notice requirements that would otherwise be necessary under HIPAA, MHDDCA, and the Privacy Standards.

4. All "covered entities" (as defined by 45 CFR 160.103) and "record custodians" (as defined by 740 ILCS § 110/2) are hereby authorized to disclose PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation Information pertaining to **Edgardo Colon and Tyrone Clay,** to all attorneys now of record in these matters or who may become of record in the future of the litigation.

5. The parties and their attorneys shall be permitted to use the PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation Information of **Edgardo Colon and Tyrone Clay** in any manner that is reasonably connected with the above-captioned litigation. This includes disclosure to the parties, their attorneys of record, the attorneys' firm (*i.e.*, attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities in the litigation process.

6. Any documents that contain PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation Information obtained pursuant to this order shall be designated confidential subject to this Order and labelled "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Documents labeled and disclosed pursuant to this order shall be kept confidential (except as allowed by this Order), stored to maintain their confidentiality according to the Privacy Standards and MHDDCA, and not to be disclosed in or attached to any publicly filed documents unless:

    a. The PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation Information has been redacted;

    b. The Plaintiffs have agreed to the filing of such document; or

    c. The Court has ordered that the document can be publicly filed.

7. Within 60 days of the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final Orders disposing of the entire case as to any Defendant have been entered or the time at which all trial and appellate proceedings have been exhausted as to any Defendant) that Defendant and any person or entity no longer involved in the litigation in possession of PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation Information pertaining to **Edgardo Colon and Tyrone Clay**, (other than the person or entity that generated the information) shall destroy any and all copies of this information in their possession pursuant to the Privacy Standards and MHDDCA. This Order exempts from destruction such records that Cook County and its departments and separately elected officials are required to retain pursuant to Illinois Local Records Act 50 ILCS § 205 and other applicable laws and Cook County Ordinances.

8. This order shall not control or limit the use of PHI, Mental Health Information, and Drug and Alcohol Treatment/Rehabilitation information pertaining to **Edgardo Colon and Tyrone Clay**, that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 CFR 160.103), or from a "therapist" (as that term is defined in 740 ILCS § 110/2).

9. Nothing in this Order authorizes counsel to obtain PHI, Mental Health Information, or Drug and Alcohol Treatment/Rehabilitation information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or through attorney-client communications.

10. Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery based on relevance, materiality, privilege, overbreadth or any other valid objection to discovery.

11. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for the filing under seal if a party seeks to file **Edgardo Colon or Tyrone Clay's** PHI, Mental Health Information, or Drug and Alcohol Treatment/Rehabilitation information under seal.

*So Ordered.*

Dated:    Feb. 26, 2025

                                                  _____
                                                Honorable Matthew F. Kennelly
                                                U.S. District Court for the Northern District of Illinois