IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDGARDO COLON, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 23-CV-16798 |
| v. | ) ) ) | The Honorable Matthew F. Kennelly |
| ANTHONY F. NORADIN, et al. | ) ) | |
| Defendants. | ) | |
| TYRONE CLAY, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 23-CV-16799 |
| v. | ) ) ) | The Honorable Matthew F. Kennelly |
| ANTHONY F. NORADIN, et al. | ) ) | |
| Defendants. | ) | |
| ALEXANDER VILLA, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 25-CV-01968 |
| v. | ) ) ) | The Honorable Matthew F. Kennelly |
| ANTHONY F. NORADIN et al., | ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' JOINT MOTION TO COMPEL COOK COUNTY STATE'S
ATTORNEY'S OFFICE TO PRODUCE UNREDACTED DOCUMENTS**

During Plaintiffs' underlying criminal proceedings, the Cook County State's Attorney's Office ("CCSAO") produced hundreds of thousands of documents in response to Plaintiffs' subpoenas. Some of these documents were produced by the trial prosecutors, while others, in

particular responsive emails, were produced by outside counsel specifically retained to manage their production. Now, nearly a year since the parties joint agreement related to document production and over a year since CCSAO was first subpoenaed in this case to provide those same documents in these civil cases, Plaintiffs have learned that not only is the CCSAO improperly asserting privileges over the documents produced during the criminal proceedings by the trial prosecutors, but has also wholly failed to produce the email communications previously tendered by outside counsel, even though the same outside counsel is managing the CCSAO's production in this case. For the following reasons, Plaintiffs request that the CCSAO be ordered to immediately tender without redactions all materials previously produced by the trial prosecutors where they waived any and all claims of privilege. Further, Plaintiffs request that this Court order CCSAO to promptly produce a declaration pursuant to established case law in this Circuit related to any deliberative process privilege assertions and make all emails and attached documents immediately available for the Court's in-camera review.

## BACKGROUND

Plaintiffs Clay, Colon and Villa were each wrongfully arrested, charged (and in the cases of Plaintiffs Colon and Villa convicted) of the 2011 shooting death of off-duty Chicago Police Officer Clifton Lewis. Plaintiffs Clay and Colons' cases were joined in the criminal proceedings and their alleged confessions were suppressed[1]. Their cases proceeded through discovery before Judge Erica Reddick.

---

[1] Plaintiff Clay was detained in Cook County Jail for nearly 12 years awaiting trial during which time his alleged confession was suppressed. *People v. Clay,* 2020 IL App (1st) 190986-U. Plaintiff Colon was wrongly convicted after a jury trial on July 13, 2017. His conviction was reversed and remanded after the Appellate Court found the Circuit Court committed reversible error admitting statements of Colon in violation of his Sixth Amendment Right to Counsel. *People v. Colon,* 2020 IL App (1st) 172627-U.

Around the same time, Plaintiff Villa, who was convicted by a jury on March 1, 2019, hired post-trial attorney, Jennifer Blagg ("Blagg") for his post-trial motions. While investigating his claims of innocence, Blagg issued dozens of subpoenas, uncovering documents that show Defendants perpetuated a wide-ranging scheme to frame Plaintiffs.

In addition to the subpoenas issued by Blagg, Plaintiff Colon's attorneys issued a subpoena to the CCSAO for a litany of materials in their possession. *See* Exhibit A. The Cook County States Attorneys, Kevin Deboni and Craig Engebretson ("Trial ASAs") were tasked with producing the CCSAO file, consistent with their *Brady* obligations, while outside counsel, Bill Oberts, ("Outside CCSAO Counsel") was tasked with conducting a privilege review and producing the voluminous emails exchanged between various ASA and CPD personnel related to their investigation of the Lewis homicide.

On or around June 1, 2023, the Trial ASAs produced several boxes worth of discovery. No privilege log was prepared in connection with that production. Separately, on May 31, 2023, Outside CCSAO Counsel produced to Judge Reddick a flash drive containing emails and attachments produced in response to Colon's subpoena which included the following: 1) a production log; 2) documents (both redacted and unredacted); 3) a privilege log; 4) privileged documents; 5) a log of non-relevant documents and those documents; and 6) a list of passwords for locked documents. *See:* Exhibit B

On June 1, 2023, Outside Counsel produced documents batestamped as CCSAO_Production1-110,000 with a privilege log. *See* Exhibit C. On June 16, 2023, Outside CCSAO Counsel produced CCSAO_Production110000-210000 with a production log asserting various privileges. *See* Exhibit D.

On June 21, 2023, Plaintiffs Clay and Colon's charges were dismissed while Plaintiff

Villa's wrongful conviction remained temporarily intact[2]. On July 25, 2023, Outside CCSAO Counsel produced a third set of documents CCSAO_Production210000-342029 to Villa's counsel with the attached production log. *See* Exhibit E.

Plaintiffs Clay and Colon filed their civil complaints against various Defendants on December 14, 2023. During early meet and confers, the parties came to an agreement related to production of documents. *See* Exhibit F. As part of that agreement, CPD and CCSAO agreed to review and produce all documents produced in the criminal proceedings, while also evaluating the documents for compliance with the federal confidentiality order and any applicable privileges. *Id.*

On February 16, 2024, and March 13, 2024, ASA Defendants Brassil and Dillon and ASA Adduci and Varga, respectively, issued subpoenas to the CCSAO for all documents relating to the criminal proceedings of Plaintiffs Colon, Clay and Villa. *See* Exhibits G and H.

On March 5, 2025, over a year after the ASA Defendants issued their subpoena, CCSAO first produced documents responsive to the ASA subpoenas. CCSAO also made supplemental productions on March 24, 2025, April 11, 2025, April 22, 2025, and April 24, 2025. The April 11, 2025, production contained CCSAO Seventh Revised Privilege Log. *See* Exhibit I

On April 8, 2025, in their joint status report, the parties advised this Court of recurring issues related to CCSAO production in other matters that they anticipated would be recurring here. [Dkt. 167] As a result, this Court ordered the parties to file any motions to compel related to privilege claims asserted by the CCSAO by April 28, 2025.

---

[2] Villa's conviction was later vacated on October 2, 2024, and his civil case was filed on February 25, 2025.

4

Plaintiffs have repeatedly conferred with Outside CCSAO Counsel pursuant to Local Rule 37.2.³ While the parties have been successful in narrowing several recurring issues related to the CCSAO production, just today, Plaintiffs' counsel learned that the documents produced with a corresponding privilege log only contains the discovery originally produced by the Trial ASAs to Plaintiffs during the criminal proceedings, but not the documents Outside CCSAO Counsel produced during the criminal proceedings. *See* Ex. I. In short, Outside CCSAO Counsel, who produced over 300,000 emails in the underlying criminal case, have failed, in the past year, to re-produce those same documents in this case despite the agreement among the parties from June 12, 2024. *See* Ex. F.

As such, Plaintiffs contend CCSAO has waived all privileges asserted in their Seventh Revised Privilege Log. Plaintiffs further request that this Court order the CCSAO to promptly produce the required declaration pursuant to established case law in this Circuit and make any and all emails and attachments where the CCSAO has asserted a deliberate process privilege identified in CCSAO_Production1-342029 immediately available to the Court for an *in-camera* review.

**LEGAL STANDARD**

Rule 26(b)(1) allows, "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party requesting discovery bears the initial burden to establish relevancy. *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993). If the discovery is relevant, the objecting party bears the burden of showing why it is improper. *Eternity Mart, Inc. v. Nature's Sources, LLC*, No. 19-CV-02436, 2019 WL 6052366, at *2 (N.D. Ill. Nov. 15, 2019) (citation omitted).

---

³ The same attorneys that responded to subpoenas to the CCSAO in the underlying criminal cases are responsible for responding to subpoenas to CCSAO in connection with the pending civil litigations.

Rule 37(a)(3)(B)(iii) permits a party to "move for an order compelling an answer" if "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). Further, Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Trial courts enjoy broad discretion when resolving matters relating to discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

## DISCUSSION

Parties in other civil rights cases in this District have repeatedly and consistently faced issues with CCSAO overly redacting and withholding documents, untimely responses, insufficient privilege logs, and untimely and insufficient declarations in support of its assertions of deliberative process privilege. Indeed, CCSAO has established a pattern of unsupported claims which have required extensive motion practice. *See, e.g., Munoz v. Guevara, et al.*, No. 23 CV 3210, 2025 WL 1029253 (N.D. Ill. Apr. 7, 2025) (ordering CCSAO to produce information it withheld based on assertions of the work product doctrine, deliberative process privilege, personal identity information, and LEADS data); *Abrego v. Guevara, et al.*, No. 23-CV-1740, and *Cain v. Guevara, et al.*, No. 23-CV-14282; *Gonzalez v. Guevara, et al.*, No. 23-CV-14281; *Cruz v. Guevara*, No. 23-CV-268, Order on Motion to Compel, Dkt. 147 (N.D. Ill. Apr. 10, 2024) (finding CCSAO did not make *prima facie* case for deliberative process privilege protection and the declaration in support thereof insufficient, overruling CCSAO's work product objections to producing ASA notes and ASA trial preparation materials); *Martinez v. Guevara*, No. 23-CV-1741, Order on Motion to Compel, Dkt. 203 (N.D. Ill. Nov. 15, 2024) (granting motion to compel as to victim medical records, LEADS materials, presentence investigation reports, lineup photos, and ASA notes, noting that CCSAO has not demonstrated that the ASA notes are

protected by the deliberative process or work product privileges); *Schaeffer v. City of Chicago*, 2020 WL 7395217 (N.D. Ill. Dec. 15, 2020) (Gilbert, MJ); *Washington-Riley v. Chicago*, No. 19-CV-6160, Dkt. 90 (Oct. 15, 2020) (MJ Weisman) (noting "[t]he CCSAO has not, however, produced a privilege log or affidavit, or otherwise provided any explanation as to why the responsive documents are subject to privilege. Absent such information, CCSAO has not shown the responsive documents are subject to privilege."); *Saunders v. City of Chicago*, 2015 WL 4765424 at *10 (N.D. Ill. Aug. 12, 2015) (discussion of objective facts, as opposed to opinions and recommendations, generally is not protected by the deliberative process privilege.); *Brown v. City of Chicago,* No. 18-CV-7064 (July 28, 2020) (denying in part CCSAO's motion to quash depositions and identifying several discoverable topics claimed as deliberative process privileged which defendants were allowed to explore.); *Fulton v. Benoit, et al.*, No. 17-CV-8696, Dkt. 290 (Dec. 4, 2020) (CCSAO motion to quash depositions of decision-makers based on deliberative process privilege denied); *Munoz v. Guevara,* No. 23-CV-03210; *Almodovar v. Guevara, et al.,* No. 18-CV-02342.[4] It is with this background the parties bring the instant Motion to Compel CCSAO to Produce Unredacted Documents.

    Indeed, Courts in this District have repeatedly held CCSAO's bases for redacting and withholding documents are without merit. CCSAO's repeated failure to address the insufficiencies serves only to stymie discovery and unnecessarily waste attorney and judicial resources. To avoid further expense and delay, this Court should grant Plaintiffs' joint motion to compel and order the prompt production of the information and documents. In the alternative, the

---

[4] Presently, motions to compel CCSAO brought on behalf of other plaintiffs in civil rights lawsuits are pending in *Santiago v. Guevara, et al.*, No. 23-CV-14284; *Andino v. Guevara, et al.,* No. 23-CV-14283; *Myles v. Wojcik, et. al.,* 23-cv-14280.

parties request that the Court order the production for its *in camera* review to determine the propriety of CCSAO's privilege claims.

**I.     CCSAO Has Waived Any Claim of Privilege or Protection**

"Rule 45 requires a person commanded to produce documents by a subpoena to serve a written objection before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Young v. City of Chicago,* No. 13 C 5651, 2017 WL 25170 at *6 (N.D. Ill Jan. 3, 2017) (quoting Fed. R. Civ. P. 45(d)(2)B)). Moreover, a person withholding subpoenaed material based on a claim of privilege must "expressly make the claim" and prepare a privilege log. *Id.* Here, the CCSAO was served with a subpoena over a year ago[5]. On March 5, 2025, CCSAO first produced documents responsive to that subpoena, including a privilege log. CCSAO failed to timely respond to the subpoena and failed to timely produce a privilege log, which was inadequate in any event.

Significantly, Federal Rule of Civil Procedure 45(e)(2)(A)(ii) requires a subpoenaed non-party withholding subpoenaed information to (1) "expressly make the claim" and (2) "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." *Young*, 2017 WL 25170 at *6. "Specifically, a privilege log must be detailed enough to enable any other party to assess the applicability of the privilege asserted and should include: (1) the name and capacity of each individual from whom or to whom a document and any attachments were sent or otherwise disclosed (including which persons are lawyers); (2) the date of the document and any attachments; (3) the type of document; (4) the Bates numbers of the documents; (5) the nature of the privilege asserted; and (6) a description of the subject matter

---

[5] To avoid reissuing the same subpoena for the same materials, Plaintiffs rely on the ASA Defendants subpoena for purposes of this motion and the parties have agreed that Plaintiffs have standing to enforce that subpoena.

contained in the document in sufficient detail to determine if legal advice was sought or received or if the document constitutes attorney work product." *Schaeffer v. City of Chicago*, 2020 WL 7395217, at *8-9 (N.D. Ill. Dec. 15, 2020) (citing *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992)). A non-party's failure to provide a proper privilege log may result in waiver of any asserted privilege. *Schaeffer*, 2020 WL 7395217 at *9.

Here, CCSAO failed to timely object to the ASA Defendants' subpoena and failed to provide a privilege log that complies with Fed. R. Civ. P. 45(e)(2)(A)(ii). Furthermore, CCSAO still has not produced a corrected or otherwise amended privilege log, curing its deficiencies mentioned during the parties' multiple meet and confers. Moreover, CCSAO has failed to produce over 300,000 pages of emails responsive to the same subpoena. Accordingly, CCSAO should be ordered to produce all withheld documents in unredacted form with the exception of any social security numbers pursuant to the confidentiality orders entered in Plaintiffs Clay, Colon and Villa's cases.

## II. CCSAO's Privilege Log Is Insufficient

Where a subpoenaed non-party is "withholding subpoenaed information under a claim that it is privileged," then the subpoenaed non-party must (1) "expressly make the claim," and (2) "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45 (e)(2)(A)(i)–(ii); *see also Young*, 2017 WL 25170 at *6 ("Rule 45(e) specifies additional requirements when a person withholds subpoenaed material based on a claim of privilege or work-product protection, including a requirement that the person expressly make the claim…and prepare a privilege log.") (citations and quotations omitted). In this District, courts require "that a privilege log identify 'for *each* separate document the

9

following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged.'" *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013) (providing string cite of supporting authority) (emphasis in original).

Rule 45 gives a "subpoenaed nonparty responding to discovery a choice: prepare an adequate privilege log or risk an order compelling disclosure of the allegedly privileged material." *Young*, 2017 WL 25170 at *6; *see also Mosley v. City of Chicago*, 252 F.R.D. 445, 449 n.5 (N.D. Ill. 2008) (rejecting respondent's excuse for failing to provide a privilege log); *Schaeffer*, 2020 WL 7395217, at *1, n.1 (collecting cases that hold "if any party or non-party submits a privilege log that does not comply with applicable law, then the failure to provide a proper privilege log may result in waiver.").

CCSAO invokes numerous bases for withholding and/or redacting documents including work product and deliberative process privileges. *See* Ex. I. However, the logs do not adequately describe the nature of the documents or provide context. For example, many withheld or redacted documents are merely described as, for example, "ASA Notes trial note with mental impressions," without sufficient description to provide context. Without the descriptions delineated as required under Fed. R. Civ. P. 26(b)(5), CCSAO cannot support its privilege assertions, and the parties are unable to assess the propriety of CCSAO's assertions, particularly where documents are wholly withheld.

### III. Work Product Privilege Does Not Apply

The "work product privilege is unavailable when a prosecutor in a prior criminal investigation later objects to discovery by a litigant in a subsequent and related civil lawsuit." *Hill v. City of Chicago*, No. 13 C 48472015 WL 12844948, *2 (N.D. Ill. May 28, 2015); *Cook v.*

*City of Chicago*, No. 06 C 5930, 2010 WL 331737, at *1 (N.D. Ill. Jan. 26, 2010) ("a non-party may not assert the work product doctrine to protect its files or documents"); *Hernandez v. Longini*, No. 96 C 6203, 1997 WL 754041 at *2 (N.D. Ill Nov. 13, 1997) ("Courts have expressly found the privilege unavailable when a prosecutor in a prior criminal investigation later objects to discovery of her work product by a litigant in a related civil lawsuit—exactly the situation confronting the Court in this case."); *Williams v. City of Chicago*, No. 22 CV 3773, 2023 WL 6213716 (N.D. Ill. Sept. 25, 2023) (in a reversed-conviction case the court found that CCSAO, which had prosecuted the underlying criminal case, could not invoke the work product privilege "'because CCSAO is not an adversarial party in this case and the criminal matter has long since resolved, [and as a result], the purposes of work product protection ... are not of significant concern.'"); *see also, e.g., Saunders v. City of Chicago*, 2015 U.S. Dist. LEXIS 105571 at *14 (N.D. Ill. Aug. 12, 2015); *Patrick v. City of Chicago*, 111 F. Supp. 3d 909, 917 (N.D. Ill. 2015); *Davis v. Camel Clay Schools*, 282 F.R.D. 201, 205 (S.D. Ind. 2012); *Glass v. Village of Maywood*, No. 22 CV 164, 2023 U.S. Dist. LEXIS 179074, at *6 (N.D. Ill. Oct. 4, 2023); *Walls v. Vaselli*, No. 19 C 06468, 2022 WL 1004248, *1 (N.D. Ill. Apr. 4, 2022).

  Here, CCSAO's assertion of the work-produce privilege fails. CCSAO cannot maintain work product privilege as a non-party. Alternatively, the parties have a substantial need for the records that overcomes any privilege. Namely, the criminal case file contains identifying information for numerous third parties who may have been witnesses to the shooting or may have been considered alternative third-party perpetrators at some point during the investigation. Identifying information for these individuals such as addresses and dates of birth are necessary for locating these individuals in this case. Moreover, CCSAO has a pattern of asserting the work product privilege in its privilege log, only to abandon any argument in support its assertion

11

during motion to compel motion practice. *Munoz*, No. 23 CV 3210, 2025 WL 1029253 at *3-5; *Gonzalez*, 2025 WL 755798; *Cruz,* No. 23 CV 268, Order on Motion to Compel, Dkt. 147 at 4; *Saunders v. City of Chicago*, 2015 WL 4765424, at *14–15 (N.D. Ill. Aug. 12, 2015); *Andino v. Guevara*, et al., No. 23-CV-14283. The Court should, therefore, reject CCSAO's assertion of the work product privilege. Finally, the CCSAO is in possession of over 300,000 pages of email communications between various Defendants in this case that are clearly discoverable and relevant to Plaintiffs' claims.

### IV. The Deliberative Process Privilege Burden Has Not Been Met

"[T]he deliberative process privilege protects communications that are part of the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). It "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Id.* at 8 (internal quotation marks omitted).

The Seventh Circuit requires "a two-fold showing to support the withholding of [information] based on the deliberative process privilege." *Nat'l Immigrant Justice Ctr. v. U.S. Dep't of Justice*, 953 F.3d 503, 508 (7th Cir. 2020). "First, the [information] must be pre-decisional, meaning that it must be generated *before* the adoption of an agency policy. Second, the [information] in question must [concern] deliberative communications and therefore reflect the give-and-take of the consultative process." *Id.* (internal quotation marks and citations omitted).

CCSAO must first make a *prima facie* showing that the deliberative process privilege applies. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998). To satisfy this burden three things must happen: (1) the department head with control

12

over the matter must make a formal claim of privilege, after personal consideration of the issues; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the information sought; and (3) the official must specifically identify and describe the protected information. *Id*. "Fulfillment of these steps allows a court to decide whether the materials withheld are 'both predecisional in the sense that it is actually antecedent to the adoption of an agency policy, and deliberative in the sense that it is actually related to the process by which policies are formulated." *Cruz v. Guevara,* No. 23 CV 268, Order, Dkt. 147 at 4 (N.D. Ill. Apr. 10, 2024) (citing *Enviro Tech Int'l Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004)). Notably, objective facts, as opposed to opinions and recommendations, generally are not protected by the deliberative process privilege. *See Saunders*, 2015 WL 4765424, at *10.

    A.    **CCSAO Failed to Submit a Sworn Declaration**

CCSAO did not submit a sworn declaration setting forth (1) the formal privilege claim from the department head with control over the matter, after personal consideration of the problem; (2) precise and certain reasons for preserving the confidentiality of the documents in question; and (3) a specific identification and description of the documents. Indeed, the Privilege log does not provide a formal declaration of the privilege by the department head with control over the matter, or an attestation identifying the precise and certain reasons for preserving the confidentiality of the information sought or describe the protected information. Moreover, CCSAO has made it a practice to submit the requisite sworn declaration *only after* the filing of a motion to compel. *See, e.g., Munoz*, No. 23 CV 3210, 2025 WL 1029253 at *5-7; *Gonzalez*, 2025 WL 755798 at *3; *Cruz,* No. 23 CV 268, Order on Motion to Compel, Dkt. 147 at 4;

*Saunders v. City of Chicago*, 2015 WL 4765424, at *14–15 (N.D. Ill. Aug. 12, 2015); *Andino v. Guevara*, et al., No. 23-CV-14283.

For this reason alone, the Court should order CCSAO to produce all documents purportedly withheld under the deliberative process privilege.

### B. CCSAO Failed To Establish A *Prima Facie* Case As To Each Assertion of the Deliberative Process Privilege

CCSAO also fails to establish the *prima facie* case as to every assertion of the deliberative process privilege. CCSAO merely asserts a general privilege of documents described merely as "ASA Notes trial note with mental impressions, strategy, evaluative commentary, &/or direction," withheld or redacted under "Attorney Work Product &/or Deliberative Process," leaving the parties with no basis to analyze what is being withheld and whether the privilege is properly invoked. *See U.S. v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983) (citing *U.S. v. First State Bank*, 691 F.2d 332, 335 (7th Cir. 1982)). Nor does CCSAO identify a particular decision or ruling that was being considered or why some of the withheld documents are redacted, thereby making it "difficult to assess how any protected deliberative process is revealed in the document." *Gonzalez,* 2025 WL 755798 at *3. This is particularly crucial in Plaintiffs' case, where Plaintiffs each have very different procedural postures. It is also unclear whether the redacted/withheld documents are protecting facts or protecting opinions. Indeed, "CCSAO's description of the basis for its assertion of a deliberative process privilege is generally too vague and imprecise to allow the privilege claim to be fully assessed." *Id.*

CCSAO has not attempted to meet its burden to show that any of the claimed documents are protected by the deliberate process privilege and its invocation of the privilege lack the information and specificity required to meet the foundational requirements to claim such a privilege. *See Gonzalez,* 2025 WL 755798 at *3. Nor has CCSAO not met the requirements

14

imposed by Fed. R. Civ. P. 26(b)(5), obligating CCSAO to "describe the nature of the documents…and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim [of privilege]." Fed. R. Civ. P. 26(b)(5). Accordingly, the Court should order CCSAO to produce all documents purportedly withheld under the deliberative process privilege.

V.     **LEADS Data Must be Produced**

CCSAO also withholds LEADS documents. LEADS is a statewide computerized system generated and maintained by the Illinois State Police that collects and disseminates criminal records and background check information to designated agencies like the Chicago Police Department and CCSAO. *Martinez v. Guevara, et al.,* No. 23 CV 01741, Dkt. 203, Order at 10 (N.D. Ill. Nov. 15, 2024). CCSAO asserts that all LEADS information be withheld from the Parties pursuant to 20 Ill. Admin. Code 1240.80(d), asserting that the "LEADS data shall not be disseminated to any individual or organization that is not legally authorized to have access to the information." However, "courts in this district have found that the Illinois Administrative Code does not usurp the authority of federal courts to order discovery of LEADS reports." *Id.*; *see also Munoz*, No. 23 CV 3210, 2025 WL 1029253 at *8-9; *Abrego*, No. 23-CV-1740, Dkt. 194; *Gonzalez,* 2025 WL 755798; *Cruz*, No. 23 C 4268, Dkt. 147, Order at 12 (N.D. Ill. Apr. 10, 2024); *Andersen v. City of Chicago*, No. 16 C 1963, 2019 WL 423144, at *3 (N.D. Ill. Feb. 4, 2019) (Illinois state statute and regulations "do not govern discoverability of the [LEADS] document . . . in this federal question case."); *Schaeffer*, No. 19 C 7711, 2020 WL 7395217, at *2. As such, this Court should Order CCSAO to produce the requested LEADS data.

VI.    **CCSAO Must Produce Medical Records**

CCSAO has withheld medical records, asserting a general privilege under HIPPA. *See* Ex. I. CCSAO, however, fails to provide any specific basis for withholding medical records or medical information of individuals, *including Plaintiffs' own medical records*, whose allegations are relevant to issues in this litigation. *See*, most recently, *e.g.*, *Munoz*, No. 23 CV 3210, 2025 WL 1029253; *Gonzalez*, 2025 WL 755798 at * 6. In any event, Plaintiffs' own records should produced. *See* No. 23 CV 16798, Dkt. 161; No. 23 CV 16799, Dkt. 154, Agreed HIPAA Order as to Plaintiffs Clay and Colon. As such, the Court should order the CCSAO to produce the documents in accordance with the Agreed Qualified HIPAA Order entered as to Plaintiffs Clay and Colon.

## VII. CCSAO Must Produce Personal Identifying Information Subject to the Confidentiality Protective Order

CCSAO has also withheld documents containing personal identity information, including names, addresses, phone numbers, and birth dates, asserting privilege under the Rights of Crime Victims and Witnesses Act, 725 ILCS 120/4 and the Personal Information Protection Act 815 ILCS 530/1, *et seq.* First, CCSAO has withheld documents containing Plaintiffs' own "personal private information." These documents must be produced because *they are Plaintiffs' own information*. *See, e.g.,* Gonzalez, 2025 WL 755798 at *6. Second, the parties understand that CCSAO may redact information, such as social security numbers, consistent with the protective order in this case. *See* No. 23 CV 16798, Dkt. 98; No. 23 CV 16799, Dkt. 100. However, the criminal case file contains identifying information for numerous third parties who may have been witnesses to the shooting or may have been considered alternative third-party perpetrators at some point during the investigation. Identifying information for these individuals such as addresses, phone numbers, and dates of birth are necessary for locating these individuals. Due to the potential relevance of the documents and the potential for such information to lead to

16

information relevant to the parties' cases, the Court should order CCSAO to produce the documents in accordance with the protective orders entered in this case. *See, e.g., id.* at *7.

## CONCLUSION

In light of the foregoing, the parties respectfully request that this Court grant the instant Motion to Compel CCSAO.

Respectfully submitted,

**TYRONE CLAY**

/s/ ASHLEY COHEN
Ashley Cohen
*One of the attorneys for Plaintiff Clay*

Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Fl
Brooklyn, NY 11231
718-875-1850
Ashley@bonjeanlaw.com

Chicago Office:
Bonjean Law Group, PLLC
53 W. Jackson Blvd., Ste. 315
Chicago, Illinois 60604

**EDGARDO COLON**

/s/ Paul K. Vickrey
One of His Attorneys

Paul K. Vickrey
Patrick F. Solon
Dylan M. Brown
VITALE VICKREY NIRO SOLON & GASEY LLP
311 S. Wacker Drive, Suite 2470
Chicago, IL 60606
Tel:    (312) 236-0733
vickrey@vvnlaw.com
solon@vvnlaw.com
dbrown@vvnlaw.com

**ALEXANDER VILLA**

/s/ Jordan Poole
One of His Attorneys

Jon Loevy
Steve Art
Anand Swaminathan
Jordan Poole
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
poole@loevy.com
Jennifer Blagg
1509 W. Berwyn Ave. Suite 201E
Chicago, Illinois 60640
(773) 859-0081
jenniferblagglaw.net

## CERTFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, and that on May 5, 2025, I electronically filed the foregoing Motion to Compel Cook County State's Attorney's Office To Produce Unredacted Documents with the Clerk of the Court using the CM/ECF on all counsel of record. I also served Third Party Cook County State's Attorney's Office via electronic mail.

/s/ ASHLEY COHEN