IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tyrone Clay, ) | | |
| ) | Case No. 23 CV 16799 | |
| Plaintiff, ) | | |
| ) | Hon. Matthew F. Kennelly | |
| v. ) | | |
| ) | | |
| Anthony Noradin, et al., ) | | |
| Defendants. ) | | |

| | | |
|---|---|---|
| Edgardo Colon, ) | | |
| ) | Case No. 23 CV 16798 | |
| Plaintiff, ) | | |
| ) | Hon. Matthew F. Kennelly | |
| v. ) | | |
| ) | | |
| Anthony Noridan, et al. ) | | |
| Defendants. ) | | |

**CCSAO'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL**

NOW COMES Third-Party Subpoena Respondent Cook County State's Attorney's Office ("CCSAO"), by its attorney, Eileen O'Neill Burke, State's Attorney of Cook County, through her Special Assistant State's Attorneys, William B. Oberts and Kevin C. Kirk, Fed. Rule Civ. Pro. 26 and Fed Rule Civ. Pro. 45, brings this response to Plaintiffs motion to compel. In support, Respondent CCSAO states as follows:

**BACKGROUND**

On January 11, 2023, Dylan Brown, counsel for then Defendant/now Plaintiff Edgardo Colon, served a subpoena upon the CCSAO issued in *People v Edgardo Colon and Tyrone Clay* 12CR0308001-2. The CCSAO, as the subpoenaed entity, agreed to respond to part of Defendants subpoena rider seeking "all documents consisting of or evidencing communications to or from

Assistant State's Attorneys Andrew Varga and Nancy Adduci (nee Galassini) relating to the Lewis investigation, Snake Doctor, and/or the prosecution of Colon, Villa or Clay."

Thereafter, counsel for Colon identified 22 specific search terms and defined the time range from December 29, 2011 to present (spring of 2023 at time). The search terms were as follows: (1)Lewis, (2) Colon, (3) Villa, (4) Clay, (5) Deyoung, (6) M&M, (7) 1201 N. Austin, (8) Flip, (9) Sweet Pea,(10) Tarzan, (11) Destiny Perez, (12) Destiney Perez, (13) Destiny Rodriguez, (14) Andre Velazquez, (15) Choco, (16) Chocko, (17) John Hamilton, (18) Mousey, (19) Mousy, (20) Donald Giuliano, (21) Craig Williams, or (22) Four Corner Hustlers. CCSAO identified over three hundred and forty thousand (340,000) pages of responsive documents. Despite the excessive timeframe and expansive search terms resulting in over 340,000 potentially responsive documents, the CCSAO did not object to the overwhelming burden of responding to said subpoena in the context of the State Court proceedings.

On May 31, 2023, the CCSAO, by and though the undersigned, produced documents CCSAO Production Bates 1-110,000 with a corresponding privilege log, production log, and irrelevant log to counsel for Colon and Clay (same counsel representing them in this matter). On June 16, 2023, the CCSAO, by and though the undersigned, produced CCSAO Production Bates 110,000-210,000 with corresponding privilege log, production log, and irrelevant log. On June 21, 2023, the CCSAO nolle prosequi the charges against Colon and Clay.

On July 25, 2023, the CCSAO, by and though the undersigned, produced the remaining documents CCSAO Production Bates 210,000-342029 to counsel for Alexander Villa, Jennifer Blagg. On October 2, 2024, the CCSAO nolle prosequi the charges against Villa in *People v Alexander Villa*, 14CR0032801.

On February 16, 2024, the CCSAO was served with a subpoena from Danielle Mikhail of Hinshaw & Culbertson LLP for records related to *People v. Edgardo Colon*, Case No. 12 CR 0308002; 2) *People v. Tyrone Clay*, Case No. 12 CR 0308001; and 3) *People v. Alexander Villa*, Case No. 14 CR 0032801. See Hinshaw & Culbertson LLP Subpoena attached as Exhibit A. On March 12, 2025, the CCSAO was served with a subpoena from Kenneth M. Battle of O'Connor & Battle, LLP seeking similar records in possession of the CCSAO related to the prosecution of Plaintiffs. See O'Conner & Battle LLP subpoena attached as Exhibit B. On April 28, 2025, Ashley Cohen of Bonjean Law Group PLLC served a subpoena for records upon the CCSAO. See the Bonjean Law Group PLLC subpoena attached as Exhibit C

On May 5, 2025, Plaintiffs filed a joint motion to compel the CCSAO. (Dkt. 178). On May 15, 2025, the undersigned produced the previously withheld work product and deliberative process documents from the Federal subpoena response and tendered a revised privilege log. Additionally, On May 15, 2025, the undersigned re-produced the May 31, 2023, June 16, 2023, and July 25, 2023 State Court subpoena responses to all parties in the present action.

On May 15, 2025, the CCSAO filed a request for extension of time to respond to Plaintiff's Motion to Compel. (Dkt. #182). As discussed in the motion, the CCSAO seeks only to withhold two sets of documents from the Federal subpoena response that are wholly irrelevant, not likely to lead to the discovery of relevant evidence, and not responsive to any of the subpoenas. The CCSAO requested additional time to complete its review of the State Court subpoena response containing approximately 340,000 pages of emails and attachments. The Court partially granted the CCSAO's request for extension in part and allowed an extension of time to June 5, 2025 to complete its response to the Motion to Compel. (Dkt. 183.)

On June 5, 2025, the CCSAO supplemented its production of the State Court subpoena materials. The supplemental production covered all of the documents the CCSAO previously asserted privilege over during State Court proceedings. Due to the expansive search terms and timeframe, the State Court subpoena email materials contained an overwhelming number of documents related to the prosecution wholly unrelated to the protection of Plaintiffs Clay, Colon, and Villa or the investigation into the murder of Officer Clifton Lewis[1].

For the sake of clarity, the CCSAO prepared two privilege logs: 1) one log for documents responsive to the operative subpoenas and 2) a log for all documents identified on prior privilege logs. See CCSAO Privilege Log for responsive documents attached as Exhibit D. Additionally, the CCSAO attaches a Declaration from ASA Prathima Yeddanapudi regarding the select portions of the CCSAO's supplemental production in which the CCSAO asserts privilege for those documents responsive to the subpoenas. See Declaration of ASA Yeddanadui attached as Exhibit E.

The CCSAO asserts the deliberative process privilege related to portions of two internal memorandums and two emails related to said memorandums. The CCSAO is not asserting the work product privilege over any of the documents responsive to the subpoena contained within the subpoena production responsive to the subpoena. The CCSAO continues to assert work product and deliberative process privilege over documents contained in the privilege log related to separate and unrelated prosecutions as delineated in the privilege log. As these documents are

---

[1] As of the time of this filing, the CCSAO has not completed its review of the approximately 200,000 pages of documents unrelated to the prosecution of Plaintiffs and Officer Lewis' murder investigation and which are not responsive to the operative subpoenas. The CCSAO will complete its review of these unrelated and nonresponsive documents and provide an updated privilege log before the June 10, 2025 status date. The CCSAO did not assert privilege over these documents during State Court proceedings.

not responsive to the subpoenas at issue, CCSAO is not specifically averring to the deliberative process privilege in these unrelated prosecutions, but will do so if this Court so requires.

## ARGUMENT

**I.  CCSAO PROPERLY ASSERTS THE DELIBERATIVE PROCESS PRIVILEGE OVER DOCUMENTS RESPONSIVE TO THE SUBPOENA**

The deliberative process privilege "protects communications that are part of the decision-making process of a governmental agency." *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) (citation omitted). The reason is to encourage candid discussion among government agents "[s]ince frank discussion of legal and policy matters is essential to the decision-making process of a governmental agency, communications made prior to and as a part of an agency determination are protected from disclosure." *Id*. The deliberative process privilege "typically does not justify the withholding of purely factual material," but covers "predecisional policy discussions . . . and [] factual matters inextricably intertwined with such discussions[.]" *Enviro Tech Int'l, Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004) (citations omitted). To qualify for the deliberative process privilege, information must be both pre-decisional and deliberative. *Id*. (citations omitted).

To assert the deliberative process privilege, the CCSAO must establish that "(1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents." *Ferrell v. United States HUD*, 177 F.R.D. 425, 428 (N.D. Ill. 1998). CCSAO has properly asserted the deliberative process privilege. The CCSAO has not applied the privilege in a blanket manner and

has used it narrowly to apply to only four documents in the Federal Subpoena document production.

**"Use Immunity Memo"** CCSAO 115128-115134, 115342-115348, 115350-115356, 147107-147115, and 148904-148910 dated in March and April 2018 are internal CCSAO memorandums from ASAs Varga, Ricci, and Maher to ASAs Block, Brassil, Holmes, Darman, and Golden. The memorandum is an analysis and deliberation of whether to grant use immunity to Edgardo Colon, Tyrone Clay, and Melvin DeYoung. The section of the memorandum which sets forth facts has been left unredacted. Only those portions of the document related to the pre-decisional deliberations regarding whether to grant Colon, Clay, and DeYoung "use immunity" are redacted.

Related, CCSAO 115597 and 115599 is an April 14, 2018 email from ASA Darman to ASAs Varga, Block, Brassil, Holmen, Golden, Maher, and Ricci discussing the aforementioned "Use Immunity" memorandum. A portion of that email has been redacted containing ASA Darman's considerations regarding the granting of "use immunity."

**"Clay Plea Proposal Memo"** CCSAO 13785-137824, 16205-164215, 164217-164227, 164228-164297, 166458- 166468, 187850-187860, 201041-201051 and 201067-201076 dated November 2022 from ASAs Varga and Adduci to ASAs Valente, Martin, Darman, and Maher. The memorandum is an analysis and deliberation of a potential reduced plea offer for Tyrone Clay. The factual portions have been produced. Only those portions of the documents related to the pre-decisional deliberations and consideration of a potential plea offer or deal with Clay have been redacted.

Related, CCSAO 4962, 137911, 138497, 166359-166360, 203433, 203434 is an email from ASA Valente to ASAs Varga, Martin, and Adduci on January 11, 2023 at 2:33pm.

This email contains internal deliberations regarding plea negotiations and opinions over which charge to take a plea. Only a portion of the email containing ASA Valente's opinion regarding which charge to take a plea on has been redacted, as it reflects the pre-decisional opinion prior the determination as to how to respond during plea negotiations with Clay.

The CCSAO will produce the unredacted versions of these aforementioned documents which it partially redacted deliberate process material for in-camera review.

 **II. DOCUMENTS COMPILED BASED SIMPLY UPON THE SEARCH TERMS THAT ARE NOT RESPONSIVE TO THE SUBPOENA NEED NOT BE PRODUCED.  THE CCSAO ASSERTS PRIVILEGE TO DOCUMENTS NOT RESPONSIVE TO THE SUBPOENA THAT WERE CONTAINED WITH THE EMAIL SEARCH RESULTS**

As discussed, the State Court subpoena email search results yielded thousands of emails and documents related to prosecutions and/or other matters wholly unrelated to the prosecution of Plaintiffs or Officer Lewis' murder investigation. ASA Varga is a former supervisor in the Gangs and Complex Homicide Unit and in that capacity touched numerous prosecutions and participated in decision making regarding said prosecutions. As such, a large number of memorandums, draft pleadings, and email exchanges related to other prosecutions were contained in the email search results. Similarly, ASA Adduci was a former supervisor in the Conviction Integrity Unit and in that capacity touched numerous convictions under review by the CCSAO, including but not limited to prosecutions related to Detective Reynaldo Guevara and Sergent Ronald Watts. As such, a large amount of work product, memorandums, and internal deliberative documents were contained within the email search results. Under federal work product doctrine in Rule 26(b)(3)(A) a party may not discover documents and things "prepared in anticipation of litigation or for trial…". Fed. R. Civ. P. 26(b)(3)(A). These documents are clearly prepared in anticipation of litigation and do not relate to the prosecution of Plaintiffs or investigation of the murder of Officer Clifton Lewis.

The CCSAO continues to assert work product and deliberative process privilege over documents contained in the privilege log related to separate and unrelated prosecutions as delineated in the privilege log. As these documents are not responsive to the subpoenas at issue, CCSAO is not specifically averring to the deliberative process privilege in these unrelated prosecutions, but will do so if this Court so requires. Once again, these documents by their very nature are not responsive to the specific requests of the operative subpoenas as they do not relate to the prosecutions of Plaintiff and Officer Lewis' murder investigation. They were simply gathered based upon the expansive search terms Plaintiff's counsel requested. Simply because they were compiled during the search, based upon said search terms, does not mean they are responsive to the operative subpoenas for documents related to the prosecutions of Plaintiffs and Officer Lewis' murder investigation.

## Conclusion

The CCSAO produced all documents related to the prosecutions of Plaintiffs or Officer Lewis' murder it had asserted privilege over during State Court proceedings and has redacted only portions of two memorandums and two emails pursuant to the Deliberate Process Privilege which it provides an executed Declaration in support of the assertion of said privilege and is prepared to present these documents to this Honorable Court for in-camera review. The CCSAO has also prepared a privilege log related to those documents not responsive to the subpoena that were identified on the privilege logs produced during state court proceedings.

The CCSAO has withheld only documents not responsive to the operative subpoenas because they do not relate to Plaintiffs' prosecution or Officer Lewis' murder investigation. There are approximately 200,000 documents that are not responsive to the operative subpoenas because they do not relate to Plaintiffs' prosecution and Officer Lewis' murder yet were captured

in the initial batch of documents compiled purely based upon Plaintiffs chosen search terms. For sake of completeness and transparency, the CCSAO is compiling a log related to these non-responsive and unrelated documents and will produce such to counsel in advance of the June 10, 2025 status hearing.

      WHEREFORE the CCSAO respectfully requests to submit the aforementioned documents in which it is asserting deliberative process for review *in camera*, deny Plaintiffs' motion to compel, and for any further relief this Honorable Court deems just and fair.

                                          Respectfully submitted,

                                          /s/ William B. Oberts
                                          Special Assistant States Attorney

William B. Oberts
Kevin C. Kirk
Oberts Galasso Law Group
181 W. Madison, Suite 4700
Chicago, IL 60602
wboboert@obertsgalasso.com
kckirk@obertsgalasso.com
docket@obertsgalasso.com