IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDGARDO COLON,<br><br>*Plaintiff,*<br><br>v.<br><br>ANTHONY NORADIN, et al.,<br><br>*Defendants.* | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:23-cv-16798<br><br>Honorable Matthew F. Kennelly |
| TYRONE CLAY,<br><br>*Plaintiff,*<br><br>v.<br><br>ANTHONY NORADIN, et al.,<br><br>*Defendants.* | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:23-cv-16799<br><br>Honorable Matthew F. Kennelly |
| ALEXANDER VILLA,<br><br>*Plaintiff,*<br><br>v.<br><br>ANTHONY NORADIN, et al.,<br><br>*Defendants*. | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:25-cv-1968<br><br>Honorable Matthew F. Kennelly |

**PLAINTIFFS' JOINT MOTION TO COMPEL PRODUCTION OF
DOCUMENTS AGAINST DEFENDANTS ADDUCI AND VARGA**

Plaintiffs Clay, Colon and Villa now move, pursuant to F.R.Civ.P. 37, to compel Defendants Adduci and Varga, both former Assistants States Attorneys, to produce documents, including

their "jury trial notebooks" in the underlying criminal cases, and their submission to the Illinois Attorney Registration and Disciplinary Commission ("IARDC") concerning investigations into their conduct in those and prior cases. In accordance with L.R. 37.2 on August 19, 2025 Plaintiffs (Paul Vickrey for Colon, Ashley Cohen for Clay and Jordan Poole for Villa) conferred with Defendants Adduci and Varga (Michele Braun) by telephone, and thereafter the parties exchanged emails, but the parties were unable to reach an accord. Specifically, on August 26, 2025 Colon counsel sent Adduci/Varga counsel case law supporting Plaintiffs' contention that the requested materials are discoverable. On September 12, 2025, Adduci/Varga counsel responded: "We have reviewed each of the cases you cited but do not believe they support your position. The facts in our case are entirely different, allowing us to easily refute your conclusions. We also disagree with your interpretation of their holdings. We are therefore at an impasse." (Ex. A).

On September 25, 2025, Adduci/Varga counsel produced a privilege log (Ex. D) identifying additional documents in dispute. On October 3, 2025, the parties engaged in another telephonic conference about those documents pursuant to L.R. 37.2 (Paul Vickrey for Colon, Jennifer Bonjean for Clay, Jordan Poole for Villa, and Michele Braun and Terrie Sullivan for Adduci/Varga), but the parties were unable to reach an accord.

In support of their Motion, Plaintiffs state:

**I. ADDUCI AND VARGA'S "JURY TRIAL NOTEBOOKS" SHOULD BE PRODUCED**

1. In her Answers to Interrogatories, Adduci disclosed that she removed what she described as "jury trial notes" from her relevant files when she was terminated by the Cook County State's Attorney's Office ("CCSAO"), leaving behind her "working file and [other] notes" (Ex. B (Adduci Answers) at pp. 9-10). On August 19, 2025 Adduci counsel represented

that the "jury trial notes" were being withheld on the ground of work product privilege. (Ex. C (Jordan Poole August 19, 2025 email)). On September 25, 2025, Adduci/Varga counsel produced a privilege log in which Adduci's "jury trial notes" are identified as a "Jury Trial Notebook… in jury trial of Clay, Colon, Villa." (Ex. D at No. 6) withheld on the grounds of work product and deliberative process. Varga also authored his own "Jury Trial Notebook" which he also removed from the CCSAO's files when he terminated his employment; it is being withheld on the same grounds. (Ex. D at No. 7).

        **A.    The Work Product Doctrine Does Not Apply To The Jury Trial Notebooks**

2.    The CCSAO was not a party to the criminal proceeding, and neither were Defendants Adduci and Varga; hence no work product protection attaches to their notebooks. In *Hernandez v. Logini*, 1997 U.S. Dist. LEXIS 18679 at *5 (N.D. Ill. Nov. 12, 1997), Judge Kocoras rejected a work product claim asserted by the Will County State's Attorney ("WCSA") over criminal files sought in a related civil suit:

> Logini is correct that the work product privilege cannot serve as the basis for WCSA's objection to these discovery requests. It has been noted that Fed.R.Civ.P. 26(b)(3), the federal rule codification of the work product privilege, "limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought." See, e.g., *In re California Public Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989). WCSA, a non-party to this litigation, would thus seem unable to assert this privilege to avoid discovery of its criminal files relevant to this case.

3.    More recently, the court in *Hill v. City of Chicago*, 2015 U.S. Dist. LEXIS 190661 at **7-9 (N.D. Ill. May 28, 2015) (M. J. Martin) arrived at the same conclusion:

> The Court agrees that the CCSAO, as a non-party, is not entitled to work product protection in this litigation. Rule 26(b)(3) sets forth "the extent to which trial preparation materials are discoverable in federal courts." *F.T.C. v. Grolier Inc.*, 462 U.S. 19, 25, 103 S. Ct. 2209, 76 L. Ed. 2d 387 (1983). The plain language of Rule 26(b)(3) limits its protections to materials prepared "by or for another party or its representatives." Fed. R. Civ. P. 26(b)(3). *Hernandez*, 1997 U.S. Dist. LEXIS 18679, 1997 WL 754041, at *2 (quoting *In re California Public Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) (holding the rule "'limits protection

to one who is a party (or a party's representative) to the litigation in which discovery is sought.'")); see also 8 Wright, Miller & Marcus, Federal Practice and Procedure § 2024 (2010) (stating "[d]ocuments prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3)."). "The weight of authority on this question, though not controlling, decisively reflects the view that, in limiting its scope to materials prepared "by or for another party," Rule 26(b)(3) means what it says." *Castro v. Sanofi Pasteur Inc.*, 2013 U.S. Dist. LEXIS 100309, 2013 WL 3771493, at *4 (N.D. Ill. July 18, 2013). As Hill points out, a number of cases have held that the work product doctrine does not protect a prosecutor's files in a subsequent, related civil action. *Boyd v. City and County of San Francisco*, 2006 U.S. Dist. LEXIS 27647, 2006 WL 1141251, at *4 (N.D. Cal. May 1, 2006); *Ostrowski v. Holem*, 2003 U.S. Dist. LEXIS 794, 2002 WL 31956039, at *3-4 (Jan. 21, 2002); *Hernandez*, 1997 U.S. Dist. LEXIS 18679, 1997 WL 754041, at *2 *Doubleday*, 149 F.R.D. at 605-07; *Gomez*, 126 F.R.D. at 434 n.1.

Here, the CCSAO cannot assert the work product doctrine because it is not a party to this case and it is not a representative of a party in this case. Cook County was not a party to Hill's criminal case, and none of the Defendants in this civil action were parties in that criminal case. The plaintiff in the prior criminal case was the People of the State of Illinois, and the CCSAO is the representative of the People.

4. Here, the CCSAO is not even asserting work product over the notebooks. Instead, the parties claiming work product production are former ASAs -- one of whom was fired -- who took the notebooks home on their way out the door. For these reasons, the work product doctrine does not apply.

B. **The Deliberative Process Privilege Does Not Apply To The Withheld Notebooks**

5. The deliberative process privilege also does not apply. In *Murdock v. City of Chi.*, 565 F. Supp. 3d 1037 (N.D. Ill. 2021), for example, Judge Feinerman declined to recognize a deliberative process privilege in federal question cases for state and municipal officials in Illinois, a question which "remains open in this Circuit." *Id.* at 1042. In so holding, the court relied in part on *People ex rel. Birkett v. City of Chicago*, 705 N.E. 2d 48 (Ill. 1998), where the Illinois Supreme Court "declined to recognize under Illinois law 'a common law deliberative process privilege to exempt from discovery confidential advice given to those included in

making [decisions and] policy for state and local government.'" *Id.* at 1043 (quoting *Birkett*, 705 N.E. 2d at 50). Judge Feinerman also recognized that other courts in this district had come to a different conclusion, citing, among other cases, *Evans v. City of Chicago*, 231 F.R.D. 302, 315-16 (N.D. Ill. 2005). *Id.*

6. However, even if such a privilege could apply to state and county officials in federal question cases, it would not apply here. The privilege protects "communications that are part of the decision-making process of a governmental agency," *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The privilege does not apply to "factual or objective material," or to documents that "an agency adopts… as its position on an issue." *Bahena v. City of Chicago*, No. 17 C 8532, 2018 WL 2905747, *4 (N.D. Ill. June 11, 2018) (internal quotation marks and citation omitted). Likewise, the privilege does not protect "factual narratives or synopses of what was recorded in police reports, pretrial motions, or trial transcripts…." *Patrick v. City of Chicago*, 111 F. Supp. 3d 909, 916 (N.D. Ill. 2015).

7. The privilege could not apply to the withheld notebooks, as they are neither "predecisional," nor "deliberative." See *Enviro Tech Intern., Inc. v. U.S. E.P.A.*, 371 F.3d 370, 375 (7th Cir. 2004) ("[I]n order to qualify for the privilege, a document must be both predecisional in the sense that it is 'actually [a]ntecedent to the adoption of an agency policy,' and deliberative in the sense that it is 'actually… related to the process by which policies are formulated.'"). See also *Gudkovich v. City of Chicago*, 2022 U.S. Dist. LEXIS 14828 at *24 (N.D. Ill. Jan. 27, 2022) (M. J. Cummings) ("This Court finds persuasive the authority which holds that the deliberative process privilege was created to protect deliberations of a political nature, rather than the application of straightforward and established criteria to routine matters. *Soto v. City of Concord*, 162 F.R.D. 603, 612 (N.D. Cal. 1995) ('The deliberative process

privilege should be invoked only in the context of communications designed to directly contribute to the formulation of important public policy.')"). In *Hill v. City of Chicago*, supra, 2015 LEXIS 190661 at **12-15 the court recognized the existence of the deliberative process privilege, but nonetheless rejected the appropriateness of its assertion on several documents, including notes which "contain a summary and outline of the theory of the case, mental impressions…." because they were "not antecedent to the decision to approve felony charges." Here, the "Jury Trial Notebooks," as their title suggests, are neither "pre-decisional" nor "deliberative." Accordingly, the documents should be produced.

8. Finally, and in any event, Adduci and Varga lack standing to assert such a privilege. In *Gudkovich,* supra, 2022 U.S. Dist. LEXIS 14828 at **25-26, the court held that the City of Chicago failed to make a *prima facie* showing that the deliberative process privilege applied because it had not complied with the following steps:

> (1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents.

quoting *Ferrell v. United States HUD,* 177 F.R.D. 425, 428 (N.D. Ill. 1998).

9. Here, Adduci and Varga -- and not the CCSAO -- have attempted to assert the privilege. They have not made, and cannot make, a *prima facie* showing. This is yet another reason why the notebooks should be produced.

**II. THE IARDC SUBMISSIONS SHOULD BE PRODUCED**

10. In 2023, the IARDC opened an investigation into the conduct of Defendants Adduci and Varga during the underlying criminal cases, which investigation is still open. That investigation implicates the same conduct at issue in these cases. Defendants Adduci and Varga have both withheld their submissions to the IARDC for that and prior investigations as non-

discoverable under Illinois Supreme Court Rule 766 (Ex. D at Nos. 1, 3-5). Their submission to the IARDC on the open investigation is identified as an undated "draft." (Ex. D at No. 1). During the October 3, 2025 conference, Varga/Adduci counsel could not explain why their clients only had a draft and not the actual submission, and stated that they had not asked them to obtain the submission from their attorney handling the matter. The withheld correspondence on the closed investigations is described in Nos. 3-5 of the log. (Ex. D).

11. Judge Kendall addressed this issue in *Webster Bank NA v. Pierce & Assocs.*, 2018 U.S. Dist. LEXIS 18653 (N.D. Ill. Feb. 5, 2018), and held that a party's submission to the IARDC is discoverable. In so holding, the court first pointed out that Illinois Supreme Court Rule 766 did not preclude discovery of the submission:

> Notwithstanding that Defendant's argument assumes its submission to be private in the first place—a contention with which this Court does not agree—the Court echoes its earlier construction of Rule 766. The Rule permits the Illinois Supreme Court, and the ARDC Administrator with the approval of the court, to authorize public disclosures. See Ill. S. Ct. R. 766(b). Nowhere does the Rule deem these the "only" routes for public disclosure. Nor does Rule 766 preclude additional routes, for example this Court's authorizing such a disclosure in the interest of justice. The Rule even allows referrals to lawyers' assistance programs without specifying who—the Administrator, the court or a member thereof, or otherwise—would authorize such a disclosure. Taken together, these provisions do not allow the Court to draw the conclusion that Defendant urges. Rule 766 outlines particular paths for disclosure but, at least as written, does not foreclose others. Regardless, the materials submitted to the ARDC by Defendant do not fall into one of the categories of private exceptions enumerated by Rule 766.

2018 U.S. Dist. LEXIS 18653 at **17-18. The court therefore ordered production of the submissions which did not constitute attorney client privileged materials or work product "materials that have been developed in the course of this litigation":

> That said, the attorney-client privilege and the work-product doctrine may apply to Defendant's letter and/or some of the other materials submitted to the ARDC. See Fed. R. Civ. P. 26(b)(3)(B). To keep the litigation moving forwards, at this time the Court declines to review individual documents that Defendant has submitted and instead trusts that Defendant can do its work in good faith to redact and/or log privileged materials that have been developed in the course of this

litigation. Defendant must so disclose the remainder of its ARDC submission to Plaintiff….

12. On their submission for the open investigation relating to these cases, Adduci and Varga also claim attorney client privilege. Accordingly, Plaintiffs request production of the redacted, actual submission and an *in camera* review of the unredacted version of that document.[1]

13. As to the closed investigations, Varga and Adduci make no claim of privilege on the IARDC correspondence. Beyond invoking Rule 766, they claim that the submissions are "private and confidential." However, any concerns about privacy and confidentiality are resolved by the existence of the Confidentiality Order. Significantly, Defendants make no relevancy objections for any of the IARDC submissions for the closed investigations, though they specifically assert a relevance objection as to most of the other withheld documents. (See, e.g., Ex. D at Nos. 11, 13-21, 23-52, 77). Accordingly, all of the correspondence concerning the closed investigations should be produced.

## III. DRAFT APPLICATION FOR PEN REGISTER

14. Adduci and Varga's log reveals that they are withholding the following document:

> 2. Draft Application and proposed Order for use of pen register and caller identification trap and trace device and order requiring production of telecommunications records. Document contains mental impressions, opinions, legal theory, and conclusions relating to an unrelated hit and run accident involving Alexander Villa on 11/24/12.

---

[1] As addressed above, Adduci and Varga allegedly have only a draft of their submission in their possession, whether for strategic reasons or otherwise. However, they certainly have the ability to obtain their actual submission from their counsel; hence the document qualifies as in the "possession, custody or control" pursuant to F.R.Civ.P. 34. "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995), citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill. 1980).

(Ex. D at No. 2). Defendants' stated basis for withholding this document is "Ill. S. Ct. Rule 766 - - Private and Confidential." From the description of the document, Plaintiffs can ascertain no basis for invoking Rule 766, which rule does not preclude discovery in any event. See *Webster Bank*, supra. Any separate privacy and confidentiality concerns are resolved by the Confidentiality Order.

### IV. SUMMARIES OF CCDOC CALLS

15. Adduci and Varga's log reveals that they are withholding three summaries of CCDOC calls:

> 8. Summary of Colon's CCDOC phone calls from 11/28/13 through 6/29/14, containing ASA VARGA's mental impressions and opinions about Colon's conversations.
>
> 9. Summary of CCDOC Calls from/to Destiny Perez between 1/1/14 and 1/9/14, containing ASA VARGA's mental impressions and opinions of Destiny Perez's phone conversations about the criminal proceedings.
>
> 10. Summary of Villa's CCDOC phone calls between 9/18/13 – 11/24/13, containing ASA VARGA's mental impressions and opinions about Villa's conversations.

(Ex. D at Nos. 8-10). The sole stated ground for withholding these documents is work product. (*Id.*). As addressed above, the work product doctrine does not apply to these materials, and they should be produced.

### V. DRAFT COMPLAINTS FOR SEARCH WARRANT

16. Adduci and Varga are withholding "Draft Complaints for Search Warrant to Facebook, Google") on the grounds of work product and relevance. (Ex. D at No. 90). The work product ground should be rejected for the reasons stated above. On October 3, 2025, Adduci/Varga counsel confirmed that the drafts were for the criminal case against Villa, so the relevance ground is inappropriate.

VI. **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request the Court to order Defendants Adduci and Varga to produce (1) their jury trial notebooks (Ex. D, Nos. 6 and 7); (2) their IARDC correspondence on the closed investigations (Nos. 3-5); (3) their application for pen register (No. 2); (4) their summaries of CCDOC calls (Nos. 8-10); and (5) their draft complaints for search warrants (No. 90). As to the open investigation, Plaintiffs also request that Defendants be ordered to (1) produce to Plaintiffs their IARDC submission (No. 1, but the actual submission, not the draft) redacted for claimed privileged content, and (2) produce to the Court an unredacted version of the submission for *in camera* review.

Dated: October 9, 2025

Respectfully submitted,

**EDGARDO COLON**

By: /s/ *Paul K. Vickrey*
      *One of His Attorneys*

Paul K. Vickrey
Patrick F. Solon
Dylan M. Brown
**VITALE VICKREY NIRO SOLON & GASEY LLP**
311 S. Wacker Drive, Suite 2200
Chicago, IL 60606
Tel:    (312) 236-0733
vickrey@vvnlaw.com
solon@vvnlaw.com
dbrown@vvnlaw.com

**TYRONE CLAY**

By:    /s/ *Jennifer Bonjean*
        *One of His Attorneys*

Jennifer Bonjean
Ashley Cohen
Joshua Morrison

- 10 -

**BONJEAN LAW GROUP, PLLC**
233 Broadway, Suite 707
New York, NY 10279
718-875-1850
jennifer@bonjeanlaw.com
ashley@bonjeanlaw.com


**ALEXANDER VILLA**

BY: */s/ Jordan Poole*
     *One of Plaintiff's Attorneys*

Jon Loevy
Steve Art
Anand Swaminathan
Brian Morris
Jordan Poole
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
poole@loevy.com

Jennifer Blagg
Eric Bisby
1509 W. Berwyn Ave. Suite 201E
Chicago, Illinois 60640
(773) 859-0081
jennifer@blagglaw.net